**NOT FOR PUBLICATION **

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>v.<br><br>CESAR I. CRUZ AND CESAR CRUZ TAX SOLUTIONS, LLC,<br><br>       Defendants. | Civil Action No.: 20-3903<br><br>**OPINION & ORDER** |

**CECCHI, District Judge.**

## I. INTRODUCTION

This matter comes before the Court on Plaintiff the United States of America's (the "United States" or the "Government") motion for default judgment against Defendants Cesar Cruz ("Cruz") and Cesar Cruz Tax Solutions, LLC ("CCTS", together with Cruz, "Defendants") pursuant to Federal Rule of Civil Procedure 55(b)(2). ECF No. 12. Defendants did not file a brief in opposition to the motion for default judgment. This matter is decided without oral argument pursuant to Rule 78(b) of the Federal Rules of Civil Procedure. For the reasons stated below, Plaintiff's motion for default judgment is granted.

## II. BACKGROUND

This case involves an alleged tax fraud scheme in which Cruz, a tax preparer, prepared and filed false federal income tax returns on behalf of his customers. ECF No. 1 ("Compl.") ¶ 11. The scheme was uncovered when the Internal Revenue Service ("IRS")

1

examined 23 of the tax returns Cruz prepared for 11 of CCTS' customers for the tax years of 2014 through 2016 and found that the tax returns collectively understated the correct tax liabilities by $165,285, or approximately $15,026 per return. ECF No. 12-1 at 2. The IRS found that Cruz falsely claimed these deductions and credits for his customers with knowledge that the amounts reported were false. *Id.* at 3.

As a result of its investigation into Defendants' activities as return preparers, the IRS learned that Cruz prepared a 2013 federal income tax return ("Form 1040") for one of his customers, "R.S.," that falsely claimed tax deductions totaling $41,986.00. *Id.* Cruz prepared that 2013 tax return despite knowing that R.S. was entitled to claim only $11,552.00 in deductions. *Id.* On November 29, 2018, Cruz pled guilty to a violation of 26 U.S.C. § 7206(2), in that he willfully aided and assisted in the preparation of a false return, namely, R.S.'s 2013 tax return. *Id.*

At the time of his guilty plea, Cruz admitted to willfully assisting and aiding in the preparation of 70 additional false tax returns in tax years 2013 through 2016. *Id.* Cruz was sentenced to serve one year and one day in prison, followed by one-year of supervised release, and was ordered to pay $282,136 in restitution. *Id.* at 3–4. Further, Cruz agreed, as part of the terms of his supervised release, to be permanently barred from preparing returns for others. *Id.* at 4. Instead of consenting to the entry of an injunction in the instant action, as Cruz agreed to in his plea agreement, he failed to answer, plead or otherwise defend in this action to enjoin him from acting as a federal tax return preparer. *Id.* The Government now seeks a permanent injunction prohibiting Defendants from preparing income tax returns for others pursuant to 26 U.S.C. §§ 7402, 7407, and 7408. *Id.* ¶ 5–9.

On April 13, 2020, Plaintiff filed this action seeking to permanently enjoin Defendants from, among other things, directly or indirectly assisting, advising, or filing federal tax returns for others. *Id.* Defendants were served on June 27, 2020, but they failed to answer or otherwise respond to the Complaint. *Id.* On September 8, 2020, the Clerk of the Court entered default against Defendants pursuant to Federal Rule of Civil Procedure 55(a). *Id.* Thereafter, Plaintiff filed this motion for entry of default judgment permanently barring Defendants from preparing any returns other than their own. *Id.*

### III. DISCUSSION

#### a. Standard of Review

Federal Rule of Civil Procedure 55 authorizes a district court to enter a default judgment against a defendant who has been properly served and has failed to answer or respond to the pleadings. Obtaining a default judgment is a two-step process. First, when a party has failed to plead or otherwise defend, the clerk must enter that default against said party. Fed. R. Civ. P. 55(a). Once the Clerk enters default, a plaintiff may move for a default judgment. Fed. R. Civ. P. 55(b). Here, the Clerk has entered default and Plaintiff has properly moved for default judgment, so the Court will address Plaintiff's motion on the merits. In doing so, the Court must accept all well-pleaded factual allegations in the pleadings as true, except as to allegations regarding damages. *DIRECTV, Inc. v. Pepe,* 431 F.3d 162, 165 n.6 (3d Cir. 2005) (citing *Comdyne I, Inc. v. Corbin,* 908 F.3d 1142, 1149 (3d Cir. 1990)).

#### a. Application of Default Judgment Factors

To award a default judgment, a district court must make explicit findings regarding the following factors: (1) whether the plaintiff would suffer prejudice if the default

judgment were denied; (2) whether the defendants have a meritorious defense; and (3) whether the defendants' own culpable conduct caused their delay. *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).

The Court finds that all three factors supporting default judgment are met in this mattter. First, Plaintiff will suffer prejudice if default is not granted because it cannot otherwise recover for the harm caused by Defendants. *United States v. Burgess*, No. 16-4011, 2017 WL 373493, at *5 (D.N.J. Jan. 24, 2017). Because Defendants failed to answer the Complaint, the Government cannot vindicate its claim against Defendants or prevent future harm. *Id.* (citing *United States v. Chandler*, No. 15-8537, 2017 WL 101307, at *3 (D.N.J. Jan. 10, 2017)). Second, there is nothing to suggest that Defendants have a meritorious defense in this matter, particularly given that Cruz has already entered a guilty plea in the related criminal matter. Third, Defendants failure to answer or otherwise respond to the Complaint, without providing any reasonable explanation, permits the Court to draw an inference of culpability on its part. *See Chandler*, 2017 WL 101307, at *3. Accordingly, the Court finds that default judgment is appropriate under Federal Rule of Civil Procedure 55(b)(2). Having determined the default judgment should be entered, the Court next examines whether injunctive relief is warranted in this matter.

### b. Statutory Requirements Under 26 U.S.C. §§ 7402, 7407, and 7408

Plaintiff seeks a permanent injunction against Defendants under 26 U.S.C. §§ 7402, 7407, and 7408 (individually referred to as "Section 7402," "Section 7407," and "Section 7408" or collectively referred to as the "Tax Code"). All three statutes provide an independent basis to award an injunction against those who violate the Tax Code. *United*

*States v. Stinson*, 729 F. App'x 891, 895–98 (11th Cir. 2018) (affirming injunction issued under all three sections); *United States v. Majette*, No. 13-7238, 2014 WL 5846092, at *2 (D.N.J. Nov. 12, 2014) (finding that the defendant violated Sections 7402, 7407, and 7408 for the same conduct). The Court will address each section in turn.

      i. Section 7407

To obtain an injunction under Section 7407, the Plaintiff must show (1) the defendant is a tax preparer within the meaning of 26 U.S.C. § 7701(a)(36); (2) the alleged conduct falls within the categories proscribed by 26 U.S.C. § 7407(b)(1)(A)–(D); and (3) an injunction is appropriate to prevent recurrence of the proscribed conduct. 26 U.S.C. § 7407; *Majette*, 2014 WL 5846092, at *2. The proscribed conduct under Section 7407 includes conduct subject to penalty under 26 U.S.C. § 6694 and fraudulent or deceptive conduct that substantially interferes with the administration of the internal revenue laws. 26 U.S.C. § 7407(b)(1); *Stinson*, 729 F. App'x at 895. Section 6694(a) "is implicated where an individual negligently understates tax liability." *Stinson*, 729 F. App'x at 895 (citing *Judisch v. United States*, 755 F.2d 823, 830 (11th Cir. 1985)). Section 6694(b) is also implicated where an individual willfully or recklessly understates tax liability. *Majette*, 2014 WL 5846092, at *2. Additionally, if such conduct has been continual or repeated such that a narrow injunction would be insufficient to prevent further interference with the administration of the tax code, Section 7407 authorizes a court to enjoin the defendant from further acting as a return preparer. *United States v. Ernst & Whinney*, 735 F.2d 1296, 1302–03 (11th Cir. 1984) (quoting 26 U.S.C. § 7407(b)).

Here, Plaintiff has demonstrated that injunctive relief pursuant to Section 7407 is proper. First, Cruz is an income tax preparer because he prepares federal tax returns for others for compensation. 26 U.S.C. § 7701(a)(36); Compl. ¶ 10. Second, Defendants have engaged in conduct prohibited by Section 7407. The Government presented evidence showing that Defendants negligently or willfully understated tax liabilities on many of the tax returns they prepared for their customers in violation of 26 U.S.C. § 6694.[1]

Further, an injunction is appropriate to prevent recurrence of Defendants' prohibited conduct. As discussed above, in 2018 Cruz pled guilty to preparing a false tax return for one of his customers and admitted (as part of his guilty plea) that he prepared at least 70 other false tax returns. Compl. ¶ 15. It follows that absent an injunction, there is a reasonable likelihood that Defendants will continue to prepare false tax returns in the future. *See United States v. Franchi*, 756 F. Supp. 889, 893 (W.D. Pa. 1991) ("In an action for a statutory injunction, once a violation has been demonstrated, the moving party need only show that there is a reasonable likelihood of future violations in order to obtain relief." (citing *United States v. Kaun*, 827 F.2d 1144, 1148 (7th Cir. 1987))). Therefore, Plaintiff has demonstrated that Defendants engaged in prohibited conduct under Section 7407 and that an injunction is necessary to prevent Defendants from continuing to file fraudulent tax returns.

---

[1] Plaintiff additionally argues that Defendants can also be enjoined from engaging in conduct "subject to any criminal penalty provided by this title" as proscribed by Section 7407(b)(1)(A), based on Cruz's 2018 conviction under 26 U.S.C. § 7602(2). Compl. ¶ 24. Because the Court finds that Defendants should be enjoined for engaging in conduct prohibited by Section 6694, the Court does not reach this alternate basis of relief.

### ii. Section 7408

Next, to grant an injunction under Section 7408, the court must find that (1) the defendant engaged in conduct prohibited by Section 7408(c), and (2) injunctive relief is appropriate to prevent the recurrence of such conduct. *Majette*, 2014 WL 5846092, at *2 (citing *United States v. James*, No. 11-913, 2011 WL 1422894, at *1 (E.D. Pa. Apr. 13, 2011)). Prohibited conduct includes conduct subject to penalty under Section 6701. 26 U.S.C. § 7408(c). Section 6701 imposes a penalty on any person (1) who aids or assists with the preparation of a return, (2) "who knows (or has reason to believe) that such portion will be used in connection with any material arising under the internal revenue laws, and (3) who knows that such portion (if so used) would result in an understatement of the liability for tax of another person." 26 U.S.C. § 6701(a).

Plaintiff alleges that Defendants prepared federal tax returns for customers they knew understated their tax liabilities. Compl. ¶ 33. Consequently, Defendants are subject to penalty under Section 6701, and as discussed above, absent an injunction Defendants are likely to continue to engage in conduct prohibited by 26 U.S.C. § 6701. Therefore, injunctive relief is appropriate under Section 7408.

### iii. Section 7402

Finally, Section 7402 "broadly authorizes injunctions 'as may be necessary or appropriate for the enforcement of the internal revenue laws.'" *Majette*, 2014 WL 5846092, at *2 (quoting 26 U.S.C. § 7402(a)). Plaintiff alleges that Defendants "engaged in conduct that substantially interferes with the enforcement of the internal revenue laws." Compl. ¶ 37. Plaintiff further alleges that Defendants' conduct is causing irreparable harm by

7

depriving the United States of its lawful tax revenue. *Id.* ¶ 37. The Court, therefore, concludes that an injunction is appropriate under Section 7402. *See, e.g.*, *United States v. Franchi*, 756 F. Supp. 889, 890 (W.D. Pa. 1991) (internal citation and quotation omitted) (holding that under Section 7402, "the district court may enjoin any action to impede proper administration of the tax laws"); *United States v. Morrison*, No. 14-8456, 2016 WL 6988900, at *2 (S.D.N.Y. Sept. 23, 2016) ("Defendant . . . is subject to an injunction under 26 U.S.C. § 7402(a) because he has repeatedly engaged in conduct that substantially interferes with the administration of the internal revenue laws.").

Accordingly, Plaintiff alleges facts that satisfy the statutory requirements for injunctive relief under Sections 7402, 7407, and 7408.

    **c. Application of Equitable Factors**

Plaintiff has satisfied the statutory requirements for injunctive relief under Sections 7402, 7407, and 7408. The Court will also briefly evaluate the traditional equitable factors for granting injunctive relief. *See*, *e.g.*, *Majette*, 2014 WL 5846092, at *3 (applying equitable factors to action brought under Sections 7402, 7407, and 7408).

The equitable factors for the Court to consider include: "(1) the likelihood that the moving party will succeed on the merits; (2) the extent to which the moving party will suffer irreparable harm without injunctive relief; (3) the extent to which the nonmoving party will suffer irreparable harm if the injunction is issued; and (4) the public interest." *Liberty Lincoln-Mercury, Inc. v. Ford Motor Co.*, 562 F.3d 553, 556 (3d Cir. 2009) (quoting *McNeil Nutritionals, LLC v. Heartland Sweeteners, LLC*, 511 F.3d 350, 356–57 (3d Cir. 2007)).

All four equitable factors support an injunction. First, Plaintiff is likely to succeed on the merits. As discussed above, Plaintiff has demonstrated that Defendants' conduct is subject to penalty under the Tax Code, and the prohibited conduct is likely to recur given past violations. *United States v. Alberto*, No. 18-1014, 2020 WL 730316, at *5 (M.D. Pa. Feb. 13, 2020) (internal citations omitted) ("For showing probability of success on the merits, the Government need only establish that the defendant's conduct violated the applicable standards of conduct designated by Section 7402, 7407, and 7408."). Plaintiff has demonstrated irreparable harm as Defendants refused to agree to permanently cease preparing fraudulent tax returns for others and may potentially continue this damaging behavior. In addition, Defendants' actions have already caused the United States to lose almost $300,000 in tax revenue, have required Plaintiff to incur other costs associated with investigating Defendants, and Plaintiff's losses will continue to grow absent entry of an injunction barring preparation of future fraudulent returns. *See, e.g.*, *Burgess*, 2017 WL 373493, at *4 (irreparable harm found where Government demonstrated that the defendant's conduct caused almost $500,000 in lost tax revenue and such losses would increase if defendant continued to prepare fraudulent returns). While Defendants will be forced to abandon their business as tax return preparers, the greater risk of harm is to the Government and to individual taxpayers. *Alberto*, 2020 WL 730316, at *5. Finally, the public interest favors injunctive relief. Defendants' unlawful conduct harms not only the United States as a whole due to lost tax revenue, but also Defendants' individual customers, many of whom now owe large income tax deficiencies, including penalties and interest. *Majette*, 2014 WL 5846092, at *3.

Accordingly, the Court concludes that Plaintiff's request for injunctive relief in this matter is proper.

IV. **CONCLUSION**

For the reasons above, the court will **GRANT** Plaintiff's Motion for Default Judgment and issue a permanent injunction against Defendants.

**SO ORDERED.**

**DATE:** May 11, 2021

                                                **CLAIRE C. CECCHI, U.S.D.J.**